COMMUNICATIONS WORKERS OF AMERICA, AFL–CIO, Rose Marie Byard, Jewel White, Dora White, Susan Burns, Sara Harroun, Margaret Ludwig and Lynn Isaacson, Plaintiffs,

v.

ILLINOIS BELL TELEPHONE COMPANY, Defendant.

Susan HARDEN, Joan Dehler, Susan Dzioba, Kathleen Lusinger, Rosalyn Lisco, Loretta Jackson, Catherine Fry, Carmen Hodge, Theresa Schaub, Dolores Vessels, Karen Burns and Rebecca J. Wimberly, Individually and on behalf of all others similarly situated, Plaintiffs,

v.

ILLINOIS BELL TELEPHONE COMPANY, Defendant and Party Plaintiff,

v.

COMMUNICATIONS WORKERS OF AMERICA, AFL–CIO, Third Party Defendant.

Nos. 73 C 959, 74 C 1505.

United States District Court, N. D. Illinois, E. D.

Feb. 29, 1980.

On Motion for Reconsideration May 5, 1980.

MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

Plaintiffs in 73 C 959, Communications Workers of America, AFL–CIO, and seven female employees ("CWA"), have brought this action against defendant Illinois Bell Telephone Company ("Illinois Bell") attacking certain employment practices as sexually discriminatory under Title VII of the Civil Rights Act of 1964, *as amended*, 42 U.S.C. § 2000e *et seq.* CWA's motion to certify a class under Fed.R.Civ.P. 23 was denied by this Court on June 20, 1974. Illinois Bell is also the named defendant in 74 C 1505, an action brought by Susan Harden and other named individual female employees of Illinois Bell ("Harden") alleging identical violations of Title VII. The Harden motion for class certification was granted under Fed.R.Civ.P. 23(b)(2) and denied under Fed.R.Civ.P. 23(b)(3) by an order of January 3, 1975. These two cases were consolidated for all purposes on July 31, 1974.

Plaintiffs allege that Illinois Bell has violated Title VII's ban on sex discrimination by failing to treat equally female employees temporarily disabled due to pregnancy and other employees disabled by reason of sickness or accident. In issue are Illinois Bell's policies regarding wage continuance, basic medical insurance premiums, loss of seniority, reinstatement and job status, and duration of maternity leave during the period of pregnancy disability. Plaintiffs seek (a) a declaratory judgment as to the rights of the parties and the class, (b) an injunction restraining and enjoining Illinois Bell from discriminating on the basis of sex with respect to disability and pregnancy leaves, and (c) back pay and other appropriate relief.[1] Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1343(4), 28 U.S.C. §§ 2201 and 2202, and 42 U.S.C. § 2000e–5(f). Presently pending before the Court are cross-motions for summary judgment. Fed.R.Civ.P. 56. Inasmuch as there are no issues of material fact in dispute, it is appropriate for the Court to determine at this point which party is entitled to judgment as a matter of law.[2]

## A. *Basic Medical Insurance Premiums*

It is Illinois Bell's practice to pay basic medical insurance premiums (BMI) for employees on disability leave, but to discontinue such payments for employees on maternity leave. The women adversely affected by this policy may retain disability coverage, however, by personally paying BMI premiums.

[1] Based on the Supreme Court's decision in *General Electric Company v. Gilbert*, 429 U.S. 125, 97 S.Ct. 401, 50 L.Ed.2d 343 (1976), defendant Illinois Bell is entitled to summary judgment with respect to this policy. In *Gilbert*, defendant General Electric provided a disability plan for non-occupational sickness and accident benefits which excluded pregnancy disability from its coverage. The plan was upheld in spite of a Title VII sex discrimination charge. The Court found that there could be no violation of § 703(a)(1) of the 1964 Civil Rights Act (42 U.S.C. § 2000e–2(a)(1)) absent a showing of gender-based discrimination of gender-based effect. Neither was present in that case, since General Electric's

"package" going to relevant identifiable groups we are presently concerned with— General Electric's male and female employees—covers exactly the same categories or risk, and is facially non-discriminatory in the sense that "[t]here is no risk from which men are protected and women are not. Likewise, there is no risk from which women are protected and men are not." (Citations omitted). As there is no proof that the package is in

---

1. Title VII was amended in 1978 to explicitly include pregnancy-related disabilities:

    (k) The terms "because of sex" or "on the basis of sex" include, but are not limited to, because of or on the basis of pregnancy, childbirth, or related medical conditions, and women affected by pregnancy, childbirth, or related medical conditions shall be treated the same for all employment-related purposes, including receipt of benefits under fringe benefit programs, as other persons not so affected but similar in their ability or inability to work, and nothing in 2000e–2(h) of this title shall be interpreted to permit otherwise. . . .

    42 U.S.C. § 2000e(k). It was the intent of Congress in passing this legislation to "reflect the commonsense view and to ensure that working women are protected against all forms of employment discrimination based on sex . . . [b]y making clear that distinctions based on pregnancy are *per se* violations of Title VII . . . ." H.R.Rep. No. 95–948,

95th Congress 2d Session, at 3, U.S.Code Cong. & Admin.News 1978 at 4751. Based on this amendment, an employer's policies regarding pregnancy-related leaves must be modified where necessary to conform to this explicit "broadening [of] the definition of sex discrimination in Title VII to include pregnancy-based discrimination." *Id.* at 4, U.S.Code Cong. & Admin.News 1978, at 4752. It is evident that the 1978 amendments require modification of the policies attacked herein. This action raises the narrower issue of whether Illinois Bell's policies comported with Title VII as it stood prior to 1978.

2. All parties have agreed that *General Electric Co. v. Gilbert*, 429 U.S. 125, 97 S.Ct. 401, 50 L.Ed.2d 343 (1976), forecloses plaintiffs' attack on Illinois Bell's practice of discontinuing wage payments to employees on maternity leave. Accordingly, summary judgment will be granted in favor of Illinois Bell on this issue.

8

fact worth more to men than to women, it is impossible to find any gender-based discriminatory effect in this scheme simply because women disabled as a result of pregnancy do not receive benefits; that is to say, gender-based discrimination does not result simply because an employer's disability-benefits plan is less than all-inclusive.

*Gilbert,* 429 U.S. at 138–139, 97 S.Ct. at 409.

Plaintiffs have agreed that the payment of medical insurance premiums by the employer is the type of benefit which is "nothing more than an insurance package, which covers some risks, but excludes others," and thus falls within the purview of *Gilbert.* 429 U.S. at 138, 97 S.Ct. at 409. The Equal Employment Opportunity Commission (EEOC) in its *amicus curiae* brief, however, argues that the failure to pay these premiums for employees on maternity leave constitutes sex discrimination under the holding of *Nashville Gas Company v. Satty,* 434 U.S. 136, 98 S.Ct. 347, 54 L.Ed.2d 356 (1977). *Nashville,* in holding that defendant's policy of denying accumulated seniority to female employees returning to work after maternity leave violated Title VII, distinguished *Gilbert* on the grounds that

> [h]ere, by comparison, petitioner has not merely refused to extend to women a benefit that men cannot and do not receive, but has imposed on women a substantial burden that men need not suffer. The distinction between benefits and burdens is more than one of semantics. We held in *Gilbert* that § 703(a)(1) did not require that greater economic benefits be paid to one sex or the other "because of their different roles in the scheme of existence." [Citations omitted]. But that holding does not allow us to read § 703(a)(2) to permit an employer to burden female employees in such a way as to deprive them of employment opportunities because of their different role.

*Nashville,* 434 U.S. at 142, 98 S.Ct. at 350. The EEOC urges that *Gilbert,* read in light of *Nashville,* stands only for the narrow proposition that only pregnancy-related benefits may be denied without running

afoul of Title VII. Thus, the EEOC argues that Illinois Bell's denial of fringe benefits unrelated to pregnancy is not sanctioned by *Gilbert.*

As is clear from the above-cited passage of *Nashville,* however, the Court's analysis did not focus on whether the denial is related to pregnancy; rather, the relevant inquiry is whether defendant's policy denies employees on maternity leave a benefit or imposes a burden on them. Put another way, the question is whether the employer's policy "adversely affects a woman beyond the term of her pregnancy leave." *Nashville,* 434 U.S. at 155, 98 S.Ct. at 358 (Stevens, J., concurring). Viewed in this light, the ruling in *Nashville* does not require that Illinois Bell's BMI policy be stricken as violative of Title VII. Indeed, this issue in substance is indistinguishable from that presented in *Gilbert.* Discontinuation of BMI payments, like discontinuation of wage payments, constitutes a denial of benefits to employees on maternity leave. This policy in no way burdens these employees' future employment opportunities at Illinois Bell. Thus, the Court finds that the discontinuation of BMI payments is a permissible policy under *Gilbert* and *Nashville.*

### B. *Reinstatement*

Under Illinois Bell's disability leave policy, a returning employee is entitled to automatic reinstatement to the same job with the same work schedule. Employees who take maternity leave, on the other hand, are not assured of regaining their former positions. Rather, these employees are reinstated to the same jobs only if they are open when the employees return from leave; if at such time the job is taken, Illinois Bell seeks to place the returning employees in a different job with the same pay. There is no guarantee that an employee returning from pregnancy leave will retain her prior work schedule. Moreover, if a comparable job is not available, the period of leave—without pay—is extended.

■ Illinois Bell's policy regarding reinstatement of women returning from maternity leave constitutes a burden under the holding of *Nashville.* A female employee

who takes pregnancy leave has no assurance of regaining her old job or a comparable position upon return. Moreover, there is a possibility that no job at all will be available when the leave period elapses. Although Illinois Bell's reinstatement policy appears neutral on its face in that the company does not discriminate among returnees from a particular type of leave, the failure to reinstate treats female employees returning from maternity leave less favorably than employees returning from disability leave, thus depriving female employees of employment opportunities and adversely affecting their job status on the basis of sex.[3] *In re Southwestern Bell Telephone Company Maternity Benefits Litigation*, 602 F.2d 845 (8th Cir. 1979); *Burwell v. Eastern Airlines, Inc.*, 458 F.Supp. 474 (S.D.Va.1978).

This conclusion finds support in the guidelines issued by the EEOC, the agency charged with implementation of Title VII.[4] The EEOC has interpreted the act to include discrimination based on pregnancy. "The EEOC guidelines, as amended in March 1972, state that excluding applicants or employees from employment because of pregnancy or related medical conditions is a violation of Title VII." *H.R.Rep.* No. 95–948, 95th Congress 2d Session, at 2, U.S. Code Cong. & Admin.News 1978 at 4750. These guidelines have been codified in 29 C.F.R. § 1604.10(b):

> Disabilities caused or contributed to by pregnancy, child birth, or related medical conditions, for all job-related purposes, shall be treated the same as disabilities caused or contributed to by other medical conditions, under any health or disability insurance or sick leave plan available in connection with employment. *Written or unwritten employment policies and practices involving matters such as the commencement and duration of leave, the availability of seniority and other benefits and privileges, reinstatement, and payment under any health or disability insurance or sick leave plan, formal or informal, shall be applied to disability due to pregnancy, childbirth or related medical conditions on the same terms and conditions as they are applied to other disabilities.* (Emphasis supplied).

The Court in *Gilbert* refused to accord the normal deference to a portion of this guideline because "it conflicted with prior, and thus more contemporaneous interpretations of the EEOC, with interpretations of other federal agencies charged with executing legislation dealing with sex discrimination, and with the applicable legislative history of Title VII." *Nashville*, 434 U.S. at 142 n.4, 98 S.Ct. at 351. *Nashville*, however, cited approvingly the underscored portion of these guidelines. In distinguishing the situation in *Gilbert*, the Court observed that

> [T]he portion of the 1972 guideline which prohibits the practice under attack here is fully consistent with past interpretations of Title VII by the EEOC. [Citations omitted]. Nor have we been pointed to any conflicting opinions of other federal agencies responsible for regulating in the field of sex discrimination. This portion of the 1972 Guideline is therefore entitled to more weight than was the one considered in *Gilbert*. . . . *Nashville*, 434 U.S. at 142–143 n.4, 98 S.Ct. at 351.

Although *Nashville* concerned the validity of seniority policies, the relevant portion

---

**3.** Illinois Bell was entitled to raise a defense of business necessity in order to justify and rebut a prima facie case of sexual discrimination. However, since no proof of any business necessity was presented with respect to the policy of reinstatement, the Court is entitled to "assume no justification exists." *Nashville*, 434 U.S. at 143, 98 S.Ct. at 352. Furthermore, Illinois Bell's policy apparently conflicts with its own economic and efficiency interests in that employees with little or no experience may have been hired to replace more experienced women going on maternity leave. These replacements are allowed to retain their jobs even though the returnee is willing and able to work and may possess a higher degree of expertise. *See Nashville*, 434 U.S. at 143 n.5, 98 S.Ct. at 352 n.5.

**4.** Under 42 U.S.C. § 2000e–12(a), the EEOC has "authority from time to time to issue, amend, or rescind suitable procedural regulations to carry out the provisions of this subchapter." *See Gilbert*, 429 U.S. at 141 n.20, 97 S.Ct. at 410 n.20.

of the guidelines discussed therein also refers to reinstatement practices. Thus, the same inferences and conclusions can be drawn. Accordingly, the Court finds that Illinois Bell's reinstatement policy for employees returning from pregnancy leave impermissibly burdens the employment opportunities of women in violation of Title VII.

### C. *Seniority*

It is the policy of Illinois Bell to permit employees on disability leave to accrue seniority during their period of leave. Employees on maternity leave, however, accrue only thirty days of seniority, irrespective of the duration of their leave, which generally is six months.

■ The considerations discussed above with respect to Illinois Bell's reinstatement policy are equally applicable here, for it is clear that Illinois Bell's seniority policy places employees at a competitive disadvantage vis-a-vis those who take disability leave. An employee going on maternity leave for six months will accrue only thirty days of seniority while her counterpart on disability leave will be credited for the entire time spent on leave. At Illinois Bell, pensions, vacation time, automatic pay increases, and bidding for hours and schedules all are keyed to seniority. By refusing to credit employees with seniority during the entire period of maternity leave, Illinois Bell discriminates against women by adversely affecting their status as employees upon return.[5]

In *Nashville*, the Supreme Court found that a seniority policy which divested employees returning from pregnancy leave of their accumulated seniority acts deprived them of employment opportunities and adversely affected their status as employees. In holding that this policy violated Title VII, the Court reasoned that "[E]ven if she had ultimately been able to regain a permanent position with petitioner, she would have felt the effects of a lower seniority level, with its attendant relegation to less desirable and lower paying jobs, for the remainder of her career with petitioner." *Id.* at 141, 98 S.Ct. at 351.

The same is true in this case. A woman who returns from maternity leave will have lost months of seniority, the direct effect of which will be the curtailment of employment opportunities and employment-related fringe benefits. For the foregoing reasons, Illinois Bell's seniority policy has the effect of discriminating on the basis of sex in violation of Title VII.[6]

### D. *Duration*

Illinois Bell's disability leave policy permits employees to take leave on a day-to-day basis for a maximum of 52 weeks. Employees on maternity leave, however, must take a set six-month leave period. This period may be extended by request of the employee. In addition, although employees on maternity leave may not return to work at will, there is a procedure by which they may seek early reinstatement.

---

5. As was the case with respect to reinstatement, Illinois Bell has failed to raise and establish a business necessity justification for the discrimination. The Court will assume that the plaintiff's prima facie case of discrimination cannot be rebutted. *See* note 3, *supra*. It may well be that Illinois Bell cannot raise such a defense in light of *Nashville*.

Indeed, petitioner's policy of denying accumulated seniority to employees returning from pregnancy leave might easily conflict with its own economic and efficiency interests. In particular, as a result of petitioner's policy, inexperienced employees are favored over experienced employees; employees who have spent lengthy periods with petitioner and might be expected to be more loyal to the company are displaced by relative new employees. Female employees may also be

less motivated to perform efficiently in their jobs because of the greater difficulty of advancing through the firm.
*Nashville*, 434 U.S. at 143 n.5, 98 S.Ct. at 352.

6. The 1978 amendment clarifies Title VII by stating that Congress had intended seniority policies with respect to pregnancy-based distinctions to be covered. Moreover, when the Supreme Court in *Nashville, supra*, explicitly recognized that the EEOC guidelines were to be given considerable deference, the policy being analyzed was the denial of accumulated seniority to female employees returning from maternity leave. Both the legislative history of the 1978 amendment to Title VII and the EEOC guidelines contained in 29 C.F.R. 1604.10(h) reinforce the Court's finding that Illinois Bell's seniority policy is discriminatory.

Plaintiffs maintain that this policy of forced duration for maternity leaves amounts to sexual discrimination. The Court disagrees with this contention. There is no burden placed on female employees in terms of employment opportunities beyond the period of their pregnancy disability, since the option is available of requesting an early return to work. A pregnant employee is also to choose when her leave will start. Unlike an employee on disability leave, a female on maternity leave has the option of either staying out the full six months with the possibility of an extension or electing to return sooner. In this sense, a pregnant employee is no worse off than an employee on disability leave, and is in a better position in that she need not return to work immediately after the birth. Moreover, given the Court's ruling with respect to Illinois Bell's seniority and reinstatement policies, a female employee's job status is not adversely affected upon return because she will be entitled to her former position without a loss in seniority. Accordingly, the Court finds that the six-month period for maternity leaves does not place a burden on a female employee's employment opportunities or adversely affect her job status within the meaning of Title VII.

## CONCLUSION

An order of summary judgment will be entered for Illinois Bell with respect to its policies on wages, basic medical insurance and duration of maternity leave. Plaintiffs are granted summary judgment with respect to Illinois Bell's practices regarding reinstatement and seniority accrued during maternity leave. Illinois Bell is enjoined from enforcing the reinstatement and seniority policies challenged in this case. If Illinois Bell has not already done so, these policies are to be replaced with procedures consistent with this opinion and with Title VII as amended in 1978. The parties are directed to meet and confer within 30 days in order to draft an agreed order as to monetary and other appropriate relief. This agreed order is to be submitted to the Court for approval on April 4, 1980, at 10:30 a. m. It is so ordered.

## ON MOTION FOR RECONSIDERATION

Plaintiffs have brought this action pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, against defendant Illinois Bell Telephone alleging that its maternity leave policies discriminate on the basis of sex. Both parties filed cross-motions for summary judgment. On February 29, 1980, this Court entered an order granting plaintiffs summary judgment with respect to Illinois Bell's seniority and reinstatement practices and policies, and granting Illinois Bell summary judgment with respect to its policies on wages, basic medical insurance, and duration of maternity leave. Illinois Bell has filed a motion for reconsideration and/or clarification of that order.

*Seniority*

Illinois Bell urges the Court to find that *In re Southwestern Bell Telephone Company Maternity Benefits Litigation*, 602 F.2d 845 (8th Cir. 1979), is dispositive of this issue. The Court did consider that case but was not persuaded by its holding for several reasons. In the present case, an employee returning from a mandatory six-month maternity leave at Illinois Bell receives seniority credit for only thirty days, whereas an employee returning from disability leave receives credit for each day of actual disability. This loss of five months seniority affects a returning employee's pension, vacation time, automatic pay increases, and ability to bid for hours and schedules. Although the court in *Southwestern Bell* found otherwise, it is the opinion of this Court that such a seniority policy places on female employees the type of burden forbidden by *Nashville Gas Company v. Satty*, 434 U.S. 136, 142, 98 S.Ct. 347, 351, 54 L.Ed.2d 356 (1977). A female employee returning from maternity leave clearly will be deprived of employment opportunities and adversely affected in her job status due to the "effects of a lower seniority level, with its attendant relegation to less desirable and lower paying jobs, for the remainder of her career with petitioner." *Nashville*, 434 U.S. at 141, 98 S.Ct. at 350.

In the alternative, Illinois Bell argues that the Court's finding that seniority credit should be given for the entire six-month leave period is not mandated by the 1978 pregnancy amendments to Title VII. Instead, the Court is urged to limit the amount of seniority to that time during which the employee on maternity leave is actually disabled. This argument might have some appeal if Illinois Bell's seniority leave also was limited to the time of actual disability. However, in the past, it was the policy of Illinois Bell that maternity leaves were to last a period of six months irrespective of a woman's actual disability. In addition, applications for early reinstatement apparently were not encouraged. In light of this policy, female employees who did go on maternity leave in the past should be given credit for the amount of time spent on leave up to six months.[1] Since Illinois Bell has maintained a policy of six-month maternity leaves but day-to-day disability leaves, plaintiffs are entitled to credit for that period during which the female employee was on leave but may not have been actually disabled.

### Reinstatement

■ Illinois Bell further requests this Court to reconsider its finding that the reinstatement policy violated Title VII. Specifically, Illinois Bell argues that a business necessity defense was asserted, raising an issue of material fact which rendered an award of summary judgment inappropriate. The Court is aware that only under certain severe business circumstances would an employee returning from maternity leave be denied reinstatement. However, not only did Illinois Bell fail to set forth what these circumstances might be, but more importantly it failed to demonstrate why this policy affects only female employees returning from maternity leave and not those employees returning from disability leave. Illinois Bell has the burden of presenting proof of business necessity; mere allegations are insufficient. Since Illinois Bell did not satisfy this burden, the Court was entitled to assume that no business justification exists. *Nashville*, 434 U.S. at 143, 98 S.Ct. at 352.[2]

### Joint Liability

Illinois Bell also moves this Court to address the issue of its potential joint liability with plaintiff/third-party defendant Communications Workers of America ("CWA"). The theory is that CWA, on behalf of its members, collectively bargained with Illinois Bell with respect to these policies and thus should be held jointly liable. However, this issue has not yet been, and indeed cannot be, resolved at this time, since the only issues presented to the Court on the earlier motions concerned only the liability of Illinois Bell. When raised by appropriate motion, the Court will address this issue of respective liability on the part of CWA and Illinois Bell.

### Monetary Relief

Illinois Bell contends that this Court's order of February 29, 1980, directing the parties to meet and agree as to appropriate

1. Should Illinois Bell institute a policy which would limit seniority accrual to the period of actual disability for employees on maternity leave as well as those on actual disability leave, future female employees would only be entitled to seniority credit for those days actually disabled by the pregnancy.

2. In addition, Illinois Bell moves for clarification, once again arguing that the Court's holding should be limited to the time the employee actually is disabled. The Court already has addressed this argument, however, in the context of seniority. Normally, female employees are entitled to the same benefits accorded to employees on disability leave only for those periods they are actually disabled by their pregnancy. In the present case, however, Illinois Bell has maintained a different leave policy for these two classes of employees. As a result, female employees who stayed out for the mandatory six-month period should be entitled to reinstatement even though not actually disabled for that entire period. If Illinois Bell should adopt a policy which treats both maternity and disability leave employees similarly, employees returning from maternity leave would be entitled to reinstatement only at the end of their actual disability. Under the present system, however, an employee returning from an imposed six-month pregnancy leave is entitled to reinstatement regardless of when the period of actual disability ended.

monetary relief should be reconsidered in light of the decision of January 3, 1975, certifying a class. In that opinion, Judge Thomas McMillen ruled that

> the issue is whether prospective class members should be entitled to back pay and other benefits of employment due to defendants alleged violations of Title VII of the Civil Rights Act of 1964 or whether relief should be limited to the injunctive and declaratory aspects of the Amended Complaint. We find and conclude that it should be limited to the latter alternative, *at least for the present.*

(emphasis supplied). Illinois Bell argues that this passage precludes any award of monetary relief, leaving only injunctive and declaratory relief as available remedies.

The Court disagrees. The 1975 opinion does not conclusively bar any and all forms of monetary relief. Rather, the question of the appropriateness of such relief was made only "for the present time," and specifically was addressed to back pay and other benefits of employment.

■ The class certification opinion did not rule out monetary relief; rather, the Court chose at that time to consider only the injunctive and declaratory aspects of the complaint, reserving the issues of damages for a later date. To read that opinion as precluding monetary relief would prevent future discrimination, but would do nothing to redress the past effects of these discriminatory practices. In the light of the finding that Illinois Bell's policies violated Title VII, this Court believes that the 1975 opinion should not be read in so restrictive a manner. Due to Illinois Bell's seniority policy, plaintiffs have lost seniority time which may have affected their pay, vacation time, and other employment opportunities. In addition, plaintiff's have been disadvantaged by Illinois Bell's reinstatement policy. In order to be made whole, plaintiffs are entitled to more than an order enjoining

Illinois Bell from enforcing these policies and a declaratory judgment that the policies violated Title VII. Plaintiffs also are entitled to whatever other relief would be appropriate in order to redress the adverse affects of past discrimination, including an award of monetary damages.[3]

Accordingly, Illinois Bell's motion to reconsider and/or clarify is denied. The parties are directed to meet and confer within thirty days in order to draft an agreed order with respect to (1) the proper reinstatement and seniority policies for employees on maternity leave, and (2) a plan for calculating on an individualized basis what, if any, monetary relief plaintiffs are entitled to as a result of past discrimination. The agreed plan is to be submitted to this Court for approval on June 17, 1980, at 10:00 a. m. It is so ordered.

---

**3.** The Court observes that a request for monetary relief incidental to injunctive relief does not render inappropriate certification under Fed.R.Civ.P. 23(b)(2). Fed.R.Civ.P. 23(b)(2) requires that "the primary relief sought must be injunctive or declaratory, but it does not require that this be the *only* relief sought." *Rich v. Martin Marietta Corporation,* 522 F.2d 333, 341 (10th Cir. 1975).